## (May 19, 1964)

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property Within the Area Bounded by Franklin D. Roosevelt Drive, and Other Streets in the Borough of Manhattan, Duly Selected as a Site for a Federally-aided Public Housing Project known as Gerard Swope Houses. DEXTER MOTORS, INC., et al., Respondents-Appellants; LOIS B. WILSON et al., Respondents.— Third separate and partial final decree modified, on the law and on the facts, by reducing award on Damage Parcel 7 to $402,000; on Damage Parcel 7A to $277,000; on Damage Parcel 2 to $240,000; and, as so modified, affirmed, with costs to the city on Damage Parcels 2, 7 and 7A, and with costs to claimant on Damage Parcel 8. Damage Parcel 2 is a two-story garage and automobile salesroom located on the southeast corner of First Avenue and 95th Street. It was leased for $13,650 net rental per annum. The city's expert took the lease into consideration, though he did not give it conclusive effect. Claimant's expert ignored the lease. His grounds were that an earlier lease on the same terms was an intercompany transaction between two corporations in the same ownership. The succeeding lease was not subject to the same infirmity, as the fee owner had disposed of a substantial percentage of its interest in the operating company to a third party. Nor was it established that this lease was made in imminent expectation of the taking. It further appears that the differences in rental values between the respective experts was increased by the claimant's expert according a uniform per square foot value to each of the floors, including the roof and cellar, where it appears that substantial portions were worth much less than the maximum value. Giving these factors consideration and using the capitalization rate adopted by the experts, we find the value of the parcel to be $240,000. Damage Parcels 7 and 7A, though in different ownership and presenting somewhat different problems, can be considered together. The

former consists of 32,731 square feet on First Avenue, with frontages on 93rd and 94th Streets. It is improved by a gas station and a parking lot. Damage Parcel 7A is a 30,892 square foot lot, with frontages on Franklin D. Roosevelt Drive and 94th Street. It is used by its owner for storage of taxicabs and has a small garage built on a portion of the lot. Claimants assert that these parcels should be assessed as vacant land suitable for the erection of multi-story luxury apartments. Their cross appeals are based on their expert's estimate of what a buyer would pay for a plot for that purpose. We find two difficulties with acceptance of this theory. The first is that a speculative use of this character must be substantiated by proof of facts that indicate a likelihood that the property would be put to such a use within the reasonably close future. While there was proof that the region to the south had shown considerable activity in this direction, it had not reached the immediate vicinity, and it was entirely speculative whether it ever would. Secondly, the particular land involved was shown to be of a marshy character which would require the sinking of extensive and expensive piles to support buildings of the sort envisaged and would materially lower the price a private builder would pay if he would undertake such an enterprise at all. We feel that the court rightly rejected this theory and assessed the properties for what they were. Special Term's original findings of the value of these parcels were, respectively, $402,000 and $277,000. On the hearing of objections, these were increased to $450,000 and $305,000. The increases were made on a comparison of a gas station lease on a property somewhat to the south of the subject properties. We do not believe that this lease warranted any finding of increased value. The lease had several distinguishing features. The rental was conditioned on the continued use of the lessor's products, the property had a car washing installation in addition to the gas station, and there was no proof that the subject properties were in any degree comparable as sites for the sale of gasoline. Furthermore the increased size of the subject properties could not be used as multiples of the rental where it was not shown that this size would enhance the value of a gas station. We believe there was no basis for increasing the awards. As to Damage Parcel 8, we agree that this building, a chicken market, was not a specialty. Though chicken markets are comparatively rare in this city, the building was easily adaptable to other uses. However, the purchase price for half of the property pursuant to an option given in 1950 furnishes a basis for the award. This price, when weighted with a reasonable percentage for increases in the neighborhood and given an additional value to compensate for the nonconforming use, will produce a value so near the award that it cannot be said that the award is excessive. Concur — Botein, P. J., Stevens and Steuer, JJ.; McNally, J., dissents in part in a memorandum, and Eager, J., dissents in part and concurs in the memorandum of McNally, J., except as to Damage Parcel 2. McNally, J. (dissenting in part). At title vesting on June 15, 1960 Damage Parcel 2 comprised a plot at the southeast corner of First Avenue and East 95th Street containing 10,373 square feet. The plot was improved with a 2-story and penthouse automobile showroom. The structure was fireproof, in good condition and contained an 8,000 pound capacity automobile elevator operating from the first floor to the roof. The grade floor was used for an automobile showroom, offices, parts department and repair area. Plate glass show windows on the grade floor as well as upper floor windows faced on both First Avenue and East 95th Street. The second floor was used for auto repairs. A penthouse on the roof constituted the paint spray department and the balance of the roof was used for the storage of cars. The property bears no resemblance to a

garage. At title vesting the proof showed that the number of automobile showrooms and agencies in the city was limited. On the east side of New York there were not more than six automobile showrooms, including the subject property. In 1955 the property was leased to Sutton Motors, Inc., an automobile agency, at a net annual rental of $13,650. The property and the automobile agency were in the same ownership. The lease expired in 1960. On May 6, 1959 the City Planning Commission approved the taking. The 1960 lease continuing the same rental reflects the imminent condemnation proceeding. In arriving at a fair market value of income producing property the fair rental value of the property for the best use for which it is available at title vesting is a primary consideration. Rents actually reserved in leases do not necessarily represent fair rental value and that is certainly so when the lease is between interrelated companies. Although the common ownership of the property and the automobile agency did not subsist at the time of the 1960 lease, the taking of the property was imminent and affected the rental value adversely. (*Matter of City of New York* [*Haven Enterprizes*], 1 A D 2d 807.) The award with reference to Damage Parcel 2 is substantiated by the record. With reference to Damage Parcels 7 and 7A, the gas station lease at 92nd Street and First Avenue was the only comparable lease in the record. That being so, it was the only evidence upon which awards based on existing gas station use could be predicated. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428.) The awards with reference to Damage Parcels 2, 7 and 7A should be affirmed. Settle order on notice.